FEASTER v. PHILADELPHIA & R. RY. CO.

(District Court, E. D. Pennsylvania. May 21, 1912.)

No. 1,482.

COMMERCE (§ 27*)—EMPLOYER'S LIABILITY ACT—EMPLOYÉ "EMPLOYED IN INTERSTATE COMMERCE."

An extra conductor in the employ of a railroad company directed on reporting for work to ride to another point within the same state for service on a work train, and who was injured while proceeding to his train, was not at the time employed in interstate commerce within Employers' Liability Act April 22, 1908, c. 149, § 1, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322).

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 3, pp. 2377–2380; vol. 8, p. 7649.]

---

At Law. Action by William H. Feaster against the Philadelphia & Reading Railway Company. On motion by plaintiff for new trial. Denied.

John J. McDevitt, Jr., of Philadelphia, Pa., for plaintiff.
Wm. Clarke Mason, of Philadelphia, Pa., for defendant.

J. B. McPHERSON, Circuit Judge. The recent decision by the Court of Appeals in Pedersen v. Delaware, etc., Co., 197 Fed. 537, determines the present motion. Feaster was not injured while engaged in interstate commerce, and it does not appear that he was even on his way to undertake such a service. He was an extra conductor, and on January 30, 1910, had been directed to report at Trenton the following morning for orders. On the 31st he reported, and was ordered to ride on a light engine to Trenton Junction, both points being within the state of New Jersey, where he would receive definite instructions concerning the destination and duties of a work train that was awaiting him there. While he was passing through the yard at Trenton on his way to the light engine, he was injured by a local passenger train running between Trenton and Bound Brook. The jury was directed to render a verdict for the defendant, and it is evident, I think, that the direction must stand. The plaintiff was not engaged in interstate commerce at the time of his injury; and it does not even appear that he was about to be so engaged. Lamphere v. Oregon, etc., Co. (C. C.) 193 Fed. 248, is a similar case.

The motion is refused.